RECEIVED
2012 OCT 18 P 6:09
US DISTRICT COURT SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anthony Thomas §
   Plaintiff §
  §
v. § Case No.: 12-CV-7826 (AKH)
LR Credit 22, LLC §
Mel S. Harris and Associates, LLC §
Mel S. Harris §
John Does # 1 – 10
   Defendants

## ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff ANTHONY THOMAS brings suit for the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, N.Y. Gen. Bus. Law § 349 *et seq.*, and N.Y. Judiciary Law § 487 *et seq.*, of Defendant debt collectors for systematically filing and litigating of time barred lawsuits against Plaintiff and hundreds of others in New York, and in support alleges as follows.

### A. JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (FDCPA). Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue in this District is proper because all or a substantial part of the events or omissions giving rise to their claims occurred in New York County, New York.

1

3. Plaintiff Anthony Thomas is an individual who resides in New York County, New York.

4. Defendant LR CREDIT 22, LLC is a corporation organized under the laws of the State of New York, with its principal place of business at 315 Park Ave. South, 20th Floor, New York, NY 10010. It may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

5. Defendant MEL S. HARRIS AND ASSOCIATES, LLC is a limited liability corporation organized under the laws of the State of New York, with its principal place of business at 5 Hanover Square, 8th Floor, New York, NY 10004. It may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

6. Defendant Mel S. Harris is an individual who, on information and belief, resides in the State of New York. He may be served at his place of employment, MEL S. HARRIS AND ASSOCIATES, LLC, 5 Hanover Square, 8th Floor, New York, NY 10004, or wherever he may be found.

## B. STATEMENT OF FACTS

7. Defendant LR Credit 22, LLC ("LRC") is a debt collector that purchases charged off consumer debts for pennies on the dollar and files lawsuits to collect those alleged debts.

8. There are currently twenty three LRC entities, numbered LR Credit # 1 - 23 operating in NY State, according to the NY Secretary of State ("LRC Entities").

9. The LRC Entities are wholly-owned subsidiaries of the same publically traded corporation, Leucadia National Corporation.

10. Each of the LRC Entities purchases for pennies on the dollars putative consumer debts

2

after they are charged off with the alleged original creditor.

11. On information and belief, the reason the LRC Entities create separate corporate debt collection vehicles is to create thinly capitalized corporations to protect their assets when they are sued for violating the FDCPA, and to minimize their exposure for the same.[1]

12. The LRC Entities exclusively use MSH to collect the putative debts.

13. MSH collects these putative debts by filing tens of thousands collection suits in the name of the LRC entities, sending out hundreds of thousands of collection letters, and by making hundreds of thousands of collection telephone calls.

14. A very large number, if not the majority, of the collection lawsuits go out under the (putative) personal signature of attorney Mel S. Harris ("Harris").

15. On October 27, 2011, LRC, by and through its agent MSH, filed a collections lawsuit against now-Plaintiff Anthony Thomas in Index Number CV-056038-11/NY, LR Credit 22, LLC v. Anthony Thomas, New York Civil Court. (Exhibit A)

16. Harris personally signed the collections lawsuit on October 19, 2011, or at least that representation was made as his signature was affixed to the complaint.

17. The complaint was served personally on Mr. Thomas on or about November 1, 2011.

18. Mr. Thomas filed a *pro se* answer to the collections lawsuit on November 16, 2011.

19. The complaint sought to collect an alleged credit card debt where Chase Bank USA, NA ("Chase") was the original creditor.

---

[1] For example, statutory damages for FDCPA class actions are limited to the lesser of $500,000 or one percent of the debt collector's net worth. 15 USC § 1692k(a)(2)(B).

20. The complaint sought interest from April 7, 2008.

21. On information and belief, April 7, 2008 was the date of the charge-off of the putative account with Chase, making the default date with Chase six months earlier - October 7, 2007.[2]

22. In the alternative, also on information and belief, April 7, 2008 is the date of last payment between Mr. Thomas and Chase.

23. Regardless, the collection lawsuit was time-barred on its face as suit was filed and served more than three years from April 7, 2008.

24. By filing and serving the collection lawsuit, Defendants represented to Mr. Thomas and the Court that the debt they were collecting upon was not time barred when in fact it was. Defendants misrepresented that the debts they seek to collect are not time barred for the purposed of deceiving Mr. Thomas and other consumers (least sophisticated or otherwise) into believing they had no basis on limitations grounds to challenge the collection lawsuits; that any attempt to challenge the collection lawsuits on limitations grounds would be futile; and therefore that the consumers should not challenge these suits in court but instead had no choice to pay what was demanded under the (illegal) threat of judgment and court costs on time barred debts. Likewise, the purpose of these misrepresentations was to deceive the court that now-Defendants were entitled to judgment and costs of court when they were not.

25. The debt collection lawsuit is time barred because it was filed more than three years after the accrual of the cause of action.

---

2 A charge-off occurs when a creditor moves a debt from profit to loss on its balance sheet, typically 180 days after the account becomes delinquent. See, e.g., Fed. Fin. Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 64 Fed. Reg. 6,655 at 6,656 (noting that commentators representing the credit card industry stated they charged off open-ended credit accounts 180 days after delinquency).

26. Under New York's "borrowing statute," CPLR 202, when a nonresident sues in New York on a cause of action accruing outside New York, the action "cannot be commenced" unless the action is within the statute of limitations of both New York and the jurisdiction where the cause of action accrued. Portfolio Recovery Assoc., LLC v. King, 927 N.E.2d 1059, 1061-62 (N.Y. 2010), citing to Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 528 (N.Y. 1999).

27. As a purported creditor contends it suffered an economic harm for a breach of an alleged credit card agreement, the creditor's cause of action "accrues where the plaintiff resides and sustains the economic impact of the loss." Id. (internal quotes omitted).

28. Chase suffered the economic harm on the date Mr. Thomas allegedly defaulted on the putative credit card account, either October 7, 2007 or May 7, 2008, depending on whether April 7, 2008 was the charge-off date or the last payment date.

29. Chase has main office, as set forth in its articles of association,[3] in Delaware, and has its principal place of business in Delaware. This has been true from the date of the alleged default of the account to present. Indeed this has been true since at least February 2001.

30. Therefore, Chase's cause of action for breach of a credit contract accrued in Delaware.

31. Further, the statute of limitations for breach of a credit contract is three years under Delaware state law, Del Code Ann, tit 10, § 8106; King at 1060.

32. Now-Defendants were required to file and serve the collection suit within the same time period as the putative original creditor because LRC, as the putative assignee, cannot stand in better shoes than the putative assignor. King at 1016.

33. Ultimately, Manhattan Legal Services noticed and appearance in the collection suit on

---

3 Corporations have articles of incorporation and a state of incorporation. National banks do not. Instead, national banks designate a state for its "main office" in its "articles of association."

February 23, 2012 and obtained a discontinuance of the action on April 18, 2012.

34. While the FDCPA is a strict liability statute, Defendants actually knew that Chase has main office, as set forth in its articles of association, in Delaware, and has its principal place of business in Delaware.

35. Of course, to the degree the Harris Defendants contend they did not do a meaningful review of their claims before they filed suit, they would be liable under a different provision of the FDCPA which requires a debt collection attorney to do a meaningful review prior to sending written communications to consumers, such as pleadings. See also 22 N.Y.C.R.R. § 130-1.1a(b) (Under New York state law, an attorney's signature on a pleading represents the attorney's certification that "to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper of the contentions therein are not frivolous.")

36. MSH, Harris, LCR, and the other LCR Entities have filed hundreds of time barred collection lawsuits, that, where the putative original creditor is Chase and cause of action accrued more than three years from the date they filed and served the collection lawsuit.

37. Mr. Thomas is a prototypically vulnerable consumer that the FDCPA is designed to protect. He is 57 years old. He is permanently disabled. He has struggled financially for many years. He worked himself out of being homeless. He was finally in a place in his life where he had some semblance of financial security. He felt like his life was finally on the right track.

38. Defendant's actions inflicted damages upon Plaintiff. For many months, Mr. Thomas was overwhelmed with fear and anxiety; he could not sleep; he had to constantly take sleeping pills;

he stayed up many night "praying to the Lord" for strength; he tossed and turned at night, which inflamed a prior back injury; he cried; he was confused; he felt like he had been getting himself on more stable financial footing, but now felt knocked back; his appetite was affected; he felt listless, not wanting to do even ordinary activities of daily living such as washing; he felt like he "had loss his ambition," and had feelings of worthlessness.

39. The harm Defendants have inflicted on Mr. Thomas continues to this day. Mr. Thomas still feels like he has been kicked down from the firmer footing and stability he had worked so hard over a period of years to obtain, and that he is not at the same point he was when Defendants sued him for the time-barred debt.

40. Mr. Thomas also suffered damages in the form of the time lost and the expenses incurred in having to defend against a lawsuit that Defendants had no legal right to file or serve in the first place.

### C. COUNT # 1: Violations of the Fair Debt Collection Practices Act.

41. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

42. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair

consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope.").

43. Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("[t]he committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. 2008) ("[i]n this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.").

44. The obligation LRC and MSH allege to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or household purposes.

45. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he was alleged to owe a "debt."

46. Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6) because their principal purpose is the collection of debts and/or they regularly attempt to collect debts, directly or indirectly.

47. MSH is debt collector because it files tens of thousands of collection lawsuits, sends tens of thousands of collection lawsuits, and makes tens of thousands of calls seeking to collect debts.

48. Harris is a debt collector because he (purportedly) signs thousands of collection lawsuit

8

pleadings, and (purportedly) litigates thousands of collection lawsuits. Harris is also a debt collector because, on information and belief, he supervises, directs, and manages the debt collection litigation apparatus for MSH.

49. LRC is a "debt collector" because it purchases thousands of alleged consumer debts after they are in default with the putative original creditor. LRC regularly attempts to collect these debts, directly or indirectly, through (and exclusively through) MSH,, and it is LRC's principle purpose to do so. MSH collects these debt for LRC by filing thousands of collection lawsuits, sending thousands of collection letters, and making thousands of collection phone calls.

50. John Does # 1 - 10 are persons, currently unknown to Plaintiff, who made the decisions to take the actions that form the basis of this complaint, who made the decision to file and to continue collection lawsuits for time barred debts, who developed the debt collection operations and policies of MSH, LRC or the servicers of LRC, and who exercised control over the operation and management of the collection activities of the same.

51. The actions of Defendants enumerated in the above statement of facts constitute an attempt to collect a debt, or were taken in connection with an attempt to collect a debt, within the meaning of the FDCPA.

52. Defendants violated the following sections of the FDCPA: 15 USC §§ 1692d, 1692e, and 1692f. By way of example and not limitation Defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or

9

compensation which may be lawfully received; the false representation or implication that any individual is an attorney or that any communication is from an attorney; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

### D. Count # 2: New York General Business Law Section 349 *et seq.*

53. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

54. New York General Business Law Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state..."

55. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such action." N.Y. Gen. Bus. Law § 349(h).

56. As enumerated above, Defendants violated N.Y. Gen. Bus. Law § 349 *et seq.* by using deceptive acts and practices in the conduct of their businesses. This includes threatening, filing, prosecuting, maintaining, and seeking judgment in hundreds of lawsuits seeking to collect time barred debts; and seeking post-judgment collections on the same.

57. Defendants made implied and express misrepresentations that the debts they seek to collect are not time-barred for the purpose of deceiving Mr. Thomas and other consumers (least sophisticated or otherwise) into believing they had no basis on limitations grounds to challenge the collection lawsuits; that any attempt to challenge the collection lawsuits on limitations grounds would be futile; and therefore that the consumers should not challenge these suits in court but instead had no choice to pay what was demanded under the (illegal) threat of judgment and court costs on time barred debts. Likewise, the purpose of these misrepresentations was to deceive the court that now-Defendants were entitled to judgment and costs of court, when they were not.

58. Defendants' conduct has a broad impact on consumers at large. Defendants' conduct impacts the thousands of consumers in the state of New York who have had time barred collection lawsuits threatened, filed, maintained, or prosecuted against them.

59. Defendants committed the above described acts willfully and/or knowingly.

60. Defendants' wrongful and deceptive acts have caused injury and damages to Plaintiff and unless enjoined will cause further irreparable injury.

61. As a direct and proximate result of those violations of N.Y. Gen. Bus. Law § 349 *et seq*, Plaintiff has suffered compensable harm and is entitled to preliminary and permanent injunctive relief, as to recover actual and treble damages, costs and attorney's fees.

### E. COUNT # 3, New York Judiciary Law § 487 (as to MSH and Harris only)

62. N.Y. Judiciary Law § 487 creates a private right of action against an attorney or counselor

11

who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or "wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for."

63. MSH and Harris violated § 487 in their systematic misrepresentations to the courts and to consumers. MSH and Harris represented that the debts they were collecting upon were not time barred when in fact they were time barred.

64. MSH and Harris made these misrepresentations that the debts they seek to collect are not time-barred for the purposed of deceiving Mr. Thomas and other consumers (least sophisticated or otherwise) into believing they had no basis on limitations grounds to challenge the collection lawsuits; that any attempt to challenge the collection lawsuits on limitations grounds would be futile; and therefore that the consumers should not challenge these suits in court but instead had no choice to pay what was demanded under the (illegal) threat of judgment and court costs on time barred debts. Likewise, the purpose of these misrepresentations was to deceive the court that now-Defendants were entitled to judgment and costs of court, when they were not.

65. MSH and Harris violations of § 487 inflicted damages, for the reasons and in the manner previously indicated.

66. Plaintiff is entitled to actual damages, treble damages, and attorneys' fees and costs for the violations of N.Y. Judiciary Law § 487 by MSH and Harris, and Plaintiff so seeks.

### F. JURY DEMAND.

67. Plaintiff demands a trial by jury.

### G. PRAYER

68. WHEREFORE, Plaintiff requests the following relief:

   a. A declaration that all Defendants have committed the violations of law alleged in this action;

   b. An order enjoining and directing all Defendants to cease violating GBL § 349 *et seq.*;

   c. Statutory damages under 15 U.S.C. § 1692k and GBL § 349(h);

   d. Civil penalties under GBL § 349 against all Defendants

   e. Civil penalties under Judiciary Law § 487 against Defendant MSH and Harris.

   f. Treble damages under GBL § 349 against all Defendants;

   g. Treble damages under Judiciary Law § 487 Defendant MSH and Harris;

   h. An order awarding disbursements, costs, and attorneys' fees under 15 U.S.C. § 1692k, and GBL § 349 against all Defendants;

   i. An order awarding disbursements, costs, and attorneys' fees under Judiciary Law § 487 against all Defendants;

   j. A judgment for actual, statutory, and treble damages;

   k. Prejudgment and post judgment interest as allowed by law;

   l. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Dated: Brooklyn, New York
October 18, 2012

Respectfully submitted,

*/s/ Ahmad Keshavarz*
Ahmad Keshavarz
One of Plaintiff's Attorneys
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:   (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com


Manhattan Legal Services

By: */s/ Peggy Earisman*
Peggy Earisman
90 John Street, Suite 301
New York, New York 10038-3243
Tel: (646) 442-3100
Fax: (212) 227-9798
Email: Pearisman@mls.ls-nyc.org

14

# EXHIBIT A

# CONSUMER CREDIT TRANSACTION
## IMPORTANT!! You Are Being Sued!! This is a Court Paper - A SUMMONS.

Don't throw it away!! Talk to a Lawyer right away. Part of your pay can be taken from you (Garnisheed) if you do not bring this to court, or see a Lawyer. Your property can be taken and your credit rating can be hurt!! You may have to pay other costs too!! If you can't pay for your own Lawyer bring these papers to this court right away. The clerk (personal appearance) will help you.

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF NEW YORK          056038

---

LR CREDIT 22, LLC

                        Plaintiff.      Index No.
                        Plaintiff's Residence: 315 PARK AVE SOUTH 20th FL
                        New York, NY 10010

-AGAINST-                      **SUMMONS - ORIGINAL**

ANTHONY THOMAS
158 W 144TH ST APT 1F
NEW YORK, NY 10030

                        Defendant(s)
                    The Basis of Venue is: Defendant's Residence

---

To the above named defendant(s):
YOU ARE HEREBY SUMMONED to appear in the CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF NEW YORK, at the office of the clerk of the said Court at 111 CENTRE STREET in the county of NEW YORK, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the clerk; upon your failure to answer, judgment will be taken against you for the sum of $5376.93 plus interest from 4/7/2008, plus the costs of this action.

Dated 10/19/2011

                    [signature]

                    OCT 27 2011
                    NEW YORK COUNTY
                    CIVIL COURT

By: Mel S. Harris
Mel S. Harris and Associates, LLC
Attorneys for Plaintiff
5 Hanover Square, 8th Floor
New York, NY 10004
(212)571-4900 ext. 3998

**Address for Payments:**
LRCR
PO Box 30132
New York, NY 10087-0132

---

Note the law provides that:
a) If this summons served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY DAYS after such service: or b) If this summons is served by it's delivery to any person other than you personally or is served outside the City of New York, or by publication, or by any other means other than personal delivery to you within the City of New York, you are allowed THIRTY DAYS after the proof of service is filed with the Clerk of this Court within which to appear and answer.

1025529-1 / LRCR22 / 5149229180004158425400/14

# TRANSACCION de CREDITO del CONSUMIDOR
## IMPORTANTE! USTED. A SIDO DEMANDADO!

ESTE ES UN DOCUMENTO LEGAL: UNA CITACION - ORIGINAL NO LA BOTE! CONSULTE CON SU ABOGADO ENSEGUIDA! PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). SI USTED. NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES, (PROPIEDAD)! Y PERJUDICAR SU CREDITO! TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

CORTE CIVIL, DE LA CIUDAD DE NUEVA YORK CONDADO DE NEW YORK.

LR CREDIT 22, LLC

Demandante,             No. de Epigrafe

-against-

## CITACION

La razon de haber designado esta Corte es:
315 PARK AVE SOUTH 20th FL
New York, NY 10010

ANTHONY THOMAS

Demandado(s)

La transaccion de su creito tuvo lugar en el Condado de Residencia del Demandado

Residencia del Demandado
158 W 144TH ST APT 1B
NEW YORK, NY 10030

Al demandado(s) arriba mencionado(s): USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York, Condado de NEW YORK a la oficina del jefe Principal de dicha Corte en 111 CENTRE STREET en Condado NEW YORK Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley segun abajo indicado y presentar su respuesta a la demanda adjunta al Jefe de la Corte; si usted no comparece a contestar se dietara sentencia contra usted por la cantidad de $5376.93 mas el interes desde la fecha 4/7/2008, mas el costo de esta accion.

Dated 10/19/2011

By: Mel S. Harris
Mel S. Harris and Associates, LLC
Attorneys for Plaintiff
5 Hanover Square, 8th Floor
New York, NY 10004
(212)571-4900 ext. 3998

**Enviar Pagos a:**
**Address for Payments:**
LRCR
PO Box 30132
New York, NY 10087-0132

NOTA: La ley provee que:
a) Si esta citacion es entregada a usted personalmente en la Cuidad de Nueva York, usted debe comparecer y responderia dentro de VEINTE dias despues de la entrega; o b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afuera de la Cuidad de Nueva York, o por medio de publicacion, o por otros medios, que no fueran entrega personal a usted en la Cuidad de Nueva York, usted, tiene TREINTA dias para comparecer y responder la demanda, despues de haberae presentado prueba de entrega de la citacion al Jefe de este Corte.

1025529-1 / LRCR22 / 51492291800041584/2500/14



CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF NEW YORK

LR CREDIT 22, LLC
        PLAINTIFF(S)        Index No.

## COMPLAINT

-AGAINST-

ANTHONY THOMAS

        DEFENDANT(S)

Plaintiff by its attorneys, Mel S. Harris and Associates LLC, complaining of the defendant(s) respectfully allege upon information and belief as follows:

1. Plaintiff, LR CREDIT 22, LLC a LIMITED LIABILITY COMPANY doing business within the State of NY, with offices located at 315 PARK AVE SOUTH 20th FL, New York, NY 10010. It is licensed by the New York City Department of Consumer Affairs. It's license number is 1362521.
2. Upon information and belief defendant(s) resides or is employed in the county in which this action is brought; or that the defendant(s) transacted business within the county in which this action is brought in person or through an agent and that the instant cause of action arose out of said transaction.
3. Upon information and belief that the defendant(s) entered into a Retail Charge Account Agreement [Account Num#5149229180004158], with CHASE BANK USA NA, wherein defendant agreed to pay CHASE BANK USA NA all amounts charged to said account by the authorized use thereof.
4. Upon information and belief the agreement containing the terms and conditions governing the use of the charge account, including terms of payment was mailed to defendant(s).
5. Plaintiff, as purchaser and assignee of the account herein, owns and retains all beneficial rights and interests therein.
6. Upon information and belief thereafter defendant incurred charges by use of the said Charge Account in the sum of $5376.93 no part of which sum has been paid, although duly demanded.

WHEREFORE, Plaintiff demands judgment against the defendant(s) for the sum of $5376.93 plus interest from 4/7/2008, plus the costs of this action.

Dated 10/19/2011

Mel S. Harris and Associates LLC
Attorneys for Plaintiff
5 Hanover Square, 8th Floor
New York, NY 10004
(212)571-4900 ext. 3998

**Address for Payments:**
LRCR
PO Box 30132
New York, NY 10087-0132

1025529-1 / LRCR22 / 51492291800041584250/14



Index No.        Year 20

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF NEW YORK

LR CREDIT 22, LLC

                PLAINTIFF(S)           Index No.

-AGAINST-

ANTHONY THOMAS

                DEFENDANT(S)

# SUMMONS AND COMPLAINT

Signature (Rule 130-1.1-a(b))

Mel S. Harris
Mel S. Harris and Associates LLC
Attorneys for Plaintiff
5 Hanover Square, 8th Floor
New York, NY 10004
(212)571-4900 ext. 3998

**Address for Payments:**
LRCR
PO Box 30132
New York, NY 10087-0132

To
Attorney(s) for

Service of a copy of the within          is hereby admitted.

Dated,        _____
                   Attorney(s) for

Please take notice
( ) NOTICE OF ENTRY
that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on
20
( ) NOTICE OF SETTLEMENT
that an order        of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within named court, at on      20    at    M.

Dated,        Yours, etc.

Mel S. Harris and Associates LLC
Attorneys for Plaintiff
5 Hanover Square, 8th Floor
New York, New York 10004
(212)571-4900 ext. 3998

To Attorney(s) for